IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID LEE SMITH, #10445**                                           **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 1:10cv204-HSO-JMR**

**CONO ANTHONY CARANNA, District Attorney;**
**ROBERT CLARK, Circuit Court Judge;**
**and JENNIFER GOODMAN, Court Appointed Attorney**      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

Before this Court is Plaintiff's Response [7] filed May 27, 2010, to the Court's Order [6] entered on May 20, 2010. Having further screened Plaintiff's Complaint [1] and Response [7] pursuant to 28 U.S.C. § 1915A, this Court has made the following determinations.

Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 1983 on May 11, 2010. The Defendants are Cono Anthony Caranna, District Attorney; Robert Clark, Circuit Court Judge; and Jennifer Goodman, Court Appointed Attorney. As relief, Plaintiff is seeking monetary damages.

In the instant Complaint [1], Plaintiff states that he was arrested in Biloxi, Mississippi, on June 16, 2005, and eventually pled guilty to the criminal charge of aggravated assault. He claims that in June 2000 a judge in New Orleans, Louisiana, had pronounced that he was "mentally insane." *See* Comp. [1] p. 8. Therefore, Plaintiff argues in his Complaint [1] that he should not have been charged with and convicted of aggravated assault. Plaintiff alleges that his Court Appointed Attorney, Defendant Goodman, was ineffective because she failed to pursue Plaintiff's insanity defense. *See* Comp. [1] p.9. Plaintiff goes on to contend

that Defendant Goodman failed to comply with his request to enter a plea of not guilty by reason of insanity. *Id.* Plaintiff asserts that Defendant Judge Clark failed to have Plaintiff mentally evaluated, which resulted in Plaintiff receiving an illegal 12-year sentence. *Id.* According to Plaintiff, Defendant Caranna, as District Attorney, was aware of Plaintiff's mental incompetency. *Id.* Additionally, Plaintiff claims that Defendant Caranna coerced him into entering a guilty plea by threatening him. Plaintiff seeks monetary damages as a result of his alleged illegal conviction and confinement.

## I. ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to this case.

The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42

2

U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If Plaintiff were successful in this § 1983 action concerning the claim of receiving ineffective assistance of counsel, being mentally incompetent to enter a guilty plea, and entering a guilty plea involuntarily, it would necessarily imply the invalidity of his aggravated assault conviction. *See Strickland v. Washington*, 466 U.S. 668 (1984) (when attorney representing a criminal defendant fails to provide effective assistance, the criminal defendant's Sixth Amendment right has been violated); *Pate v. Robinson*, 393 U.S. 375, 358 (1966)( the Due Process Clause is violated when a mentally incompetent defendant is convicted); *see also Boykin v. Alabama*, 395 U.S. 238 (1969)(a guilty plea must be entered knowingly and voluntarily). Since this § 1983 action calls into question the validity of Plaintiff's conviction, and because Plaintiff's conviction has not been invalidated, *see* Resp. [7]

3

p.2, this Court finds that Plaintiff cannot maintain these claims and thus, this Complaint [1] will be dismissed. *See Heck*, 512 U.S. at 486-87.

Even though Plaintiff's Complaint [1] and request for monetary damages are being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit has held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). With that in mind, this Court finds that even if Plaintiff satisfied the *Heck* requirements he would not be allowed to maintain this § 1983 complaint against Defendants Caranna or Judge Clark.

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). In *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit announced a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of

4

is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515. In applying the four factors, it is clear that Defendant Judge Clark is absolutely immune. The decision not to have Plaintiff mentally evaluated and the sentence rendered were clearly within the normal judicial function which arose out of Judge Clarke's official capacity as a judge. Furthermore, there is no indication that Defendant Judge Clark's actions occurred outside the courtroom or his chambers/office. Consequently, this Court finds that Plaintiff could not maintain an action pursuant to 42 U.S.C. § 1983 against Defendant Judge Clark.

A district attorney, when acting within the scope of his role as a prosecutor, also enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). In analyzing whether a defendant is absolutely immune, the Court must look to the conduct at issue and then determine if the conduct falls within the scope of actions that are immune. *See Hoog-Watson v. Guadalupe County, Tex.*, 591 F.3d 431, 438 (5th Cir. 2009). The allegations against Defendant District Attorney Caranna demonstrate that he was acting within his discretion relating to prosecuting the criminal charge against Plaintiff. Clearly, Defendant Caranna's conduct is "intimately associated with the judicial phase of the criminal process." *Id.* (other citations omitted)(quoting *Imbler*, 424 U.S. at 430). As such, Plaintiff has failed to establish that Defendant District

5

Attorney Caranna was acting beyond the scope of his prosecutorial authority. Since Defendant District Attorney Caranna is absolutely immune from liability and damages under these circumstances, Plaintiff could not maintain this § 1983 action against him.

Finally, this Court finds that Plaintiff cannot maintain a § 1983 civil action against Defendant Goodman, even if he were to satisfy the *Heck* requirements. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The mere fact that Defendant Goodman was appointed by a state court to represent Plaintiff in his criminal trial does not establish that she is a state actor. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Consequently, based upon the allegations in the Complaint [1] and Response [7], Plaintiff could not maintain this civil action pursuant to § 1983 against Defendant Goodman.

## II. CONCLUSION

Plaintiff cannot maintain a § 1983 civil action concerning his claim for monetary damages, which essentially challenges his conviction, until the *Heck* requirements are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Thus, those claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, Plaintiff's claims against

Defendants Judge Robert Clark, Circuit Court Judge, and Cono Anthony Caranna, District Attorney, should be and are dismissed with prejudice since those named Defendants are immune from the instant § 1983 civil action.  Finally, the instant § 1983 civil action is dismissed with prejudice against Defendant Goodman because she is not a state actor.

Since this case is initially dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "Strike"[1].  If Plaintiff receives "three strikes", he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 19th day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.